Mr. Tomlinson. May it please the court? Yes, sir. This case today is not about attorney error. The United States is going to try to make it that. What had happened was the trial counsel did not file a response to summary judgment within the amount of time allotted by the local rules of the Southern District. This case is more about the errors that the district court made when evaluating the client's Rule 59e motion. There's a number of things that this court and other courts have said that the district court has to do when evaluating these and in terms of what district courts need to do when performing summary judgment analyses. And the district court here didn't follow them. There's a couple of errors that it made. I think the threshold issue is to talk maybe about the standard of review that the court should apply because there might be some question about that. We're advocating that the standard of review should be de novo. And the reason we are is because this court has well established, I had a case I think I cited back in the South Houston case in 91, but I think it goes farther back than that, that if a party files a Rule 59e motion, attaches evidence, if that court considers that evidence and still denies it and still basically affirms its earlier summary judgment, then the court has to evaluate this de novo. And there's a couple of pieces out there. This court has said before that the court below has to say specifically that it's not considering that evidence. That's clear. It also says that if the court below refers to it, well, that implicates this. The review is now de novo. In this case, it's a little weird, but the court basically prefaced its opinion on, well, I've got the power under the local rules that I can deny summary judgment here, and I'm going to, and that's true. No one's arguing that. Then the court goes into looking at this evidence, and it has this one-off sort of statement about newly discoverable evidence, but then it goes into evaluating that evidence. Nowhere in it does it state that it's not going to consider it. It clearly does consider it, and it doesn't sort of, I don't want to say short shrift, but summary judgment needs to be sort of more involved. Why are you specifically honing in on the filing with the, not the marshal service, with the other agency? I mean put the facts on the bones of what you're arguing about. What are the issues? Well, I mean you're giving us what you say you want us to make the law to be, de novo review in the 59 body-to-body, but just put some meat on that in terms of what happened here with the filings. What is it you're saying the district court should have said she considered or didn't? Well, factually. So what happened here, just to back up and give the facts. So you said there's judge error here and not lawyer error in terms of handling this. You organized the errors on the part of the judge, not the part of the lawyer who was handling this claim, filing it not where it should have been. Is that what you're arguing? Absolutely. I'm arguing that. And the reason I'm arguing that is this court says that the district court has to do certain things when evaluating Rule 59e motions, and it didn't. Let's say that it didn't. What did it not do that it was supposed to do specifically? Okay, a couple of things it needed to do. First, it needed to address all of the client's contentions. That's clear. I believe the case is Smith v. Aldermax extrusions. I think that case in particular, that case, I don't know of any rule that says just blanket that the judge has to, as a matter of rigid rule, address every argument the lawyer makes. Well, I think it does say that you have to. You may have to in certain cases. But that's case specific, not a general rule. Well, the other thing is the court has to perform sort of this balancing test where it balances the need for finality versus the need for a just decision based on all the facts. Well, it may have to in some cases if we're going to affirm it. But sometimes it's so evident that we don't require that. I mean it depends on the particular case. Well, let's say. Why do they have to do it in this case? Well, in this case because the evidence here shows that there's manifest injustice. Why do you manifest injustice? Well, in this case, it's a case-by-case basis, and you have to look at the equities. Now here you've got the United States filing affidavit with a motion for summary judgment. In the affidavit, it materially omits that it received an earlier SF-95 claim, and I'll get into why that's important. Well, she knew she'd filed that. What's that? She knew she had filed that. That wasn't, like, unknown to her. Right, right. It wasn't unknown, and that gets into sort of the attorney part of that. The Marshals Service said they never got it. Right, and that's a fact issue, isn't it? So what that means is there's still open fact issues. If it is, the only evidence in the record right now is that it did receive it, that the legal assistant for the previous attorney had communicated with the Marshals Service and that they said they had gotten it. Well, whether they got it or not, she knew that it had been filed. What's that? Whether they got it or not, she knew it had been filed. Right, she did, but what it leaves open is a legal issue. I've done some research. I think it's relatively novel, although there's a case out there. It is a lower court case. I believe it's Northern District of Texas. It had a similar situation where somebody filed an earlier SF form and then filed a later one that was out of time. It was untimely, but the court below decided not to dismiss based on those facts.  Because I understand also that the form that the district judge went on to say that even if it had been filed and even if it were timely, that it was incomplete and didn't satisfy the requirements of the filing instructions. Sure, and this is sort of where we get into the answer. It would have been dismissed in any event. What's that? And it would have been dismissed in any event for that failure. I don't believe that's true, and I'll tell you why. She said that. But I think that what she's indicating here, which should be indicated to the court, is there's a legal issue here that still needs to be decided. What? What is the legal issue? Well, the effect of what happens when you've got two SF-95s that are filed this way. One's filed earlier, and it doesn't include some certain information. It says we'll supplement. One is filed. It's filed to the wrong agency in a timely manner but doesn't get to the right one. And then there's other pieces. So as part of the equities, we look into sort of the conduct of all the parties and not just Flores or Flores' attorney. Where do you get this equities? In determining manifest injustice. And where's the manifest injustice here? Well, and this is what – first thing, there's been no discovery in this case, including discovery on the – Well, you know your own case. You know your own case. Where's the manifest injustice? Well, I think what needs to be explored through discovery is how it takes three weeks to get a – what was filed with customs in SF-95 in Pharr, Texas, forwarded to the Marshall Service in the Southern District of Texas. It takes three weeks to get there. I think that's one thing that in terms of if you're evaluating equities, you have to look at conduct and you have to evaluate things like lack of care.  This is an equitable case, though. Well, when evaluating manifest injustice. You're framing this as a legal issue because the facts are really bad for you, and I get that. I mean, it's a dismissal on a 59E. It is. Here's the thing, though. In order to be – there's enough to remand here. And it might be as simple as you remand and it gives the trial court a chance to – Okay, what would we say if we remanded it? And here's – and actually I'm glad you asked that because I was actually going to get to that. I think the most judicially efficient way to handle this is we said both parties agree there needs to be summary judgment. It's a four – I mean not summary judgment. There needs to be discovery, and it's going to occur over a very short period, about four months. So I think in order to decide the constructive filing issue, the equitable tolling issue, and the sort of legal effect of these – Well, a couple of things. One is, as the United States points out, is did they actually receive the SF-95, the earlier one? So that's a fact issue. It's an open fact issue, and it matters. I mean, it matters whether there's a case here or not. So the most judicially efficient would be to send this – Well, let's assume they did. Let's assume they did. How does that help you? What's that? Assuming they received the early one, how does that help you? I think there's a case here based on the Northern District case, and I think it's somewhat novel. So I think this court would have to decide whether this would meet sort of the standard. I think that the second filing, even though it was untimely and went to the wrong place, coupled with the first filing, I think it gets you there in terms of presenting. He wants to make some law in your case. Well, I know that the court may not want to do that, and all I found was a lower court case, so there's no binding sort of precedent here to go by. But it's important, and the more important piece is it precludes summary judgment. So how can we have summary judgment in this case? It's still open. So I think this should come back to the trial court. I think the trial court gives the parties a short window, a truncated window, to perform discovery, conduct discovery. So if it does come back up again, then you'll have a much better record, a much better factual record, legal record, to make your decision on what you want to do. So I think that would be the most judicially efficient. Maybe you have a malpractice case against her former lawyer. What's that? Have a malpractice case against her former lawyer. That someone, the client would have a malpractice case against the Renee Flores? She has it against her former lawyer. I don't know who he is. I couldn't speak to that. I don't know. Well, I mean, he did not timely file it. He failed to file. The first lawyer, not the second lawyer. Yeah, I couldn't speak. I don't practice in that area, frankly, and I haven't looked into this at all. Was the first filing released by her, the 2013 filing? Did she release the 2013 filing? How do you mean? Failed to pursue it. Well, I don't think she failed. Remember, she's represented by counsel. She's depending on counsel to do this for her. It's not 100% clear in the record. Once again, I'd like this record to be much more developed. She knows from her side what happened. Well, what happened is her lawyer released the case. I believe it was December of 2014. What is released the case as between the two of them? That's the good question. It seems like he fired her as a client, but that's not in the record, so I can't speak to that. He fired her as a client. It appears that way, but like I said, it's not in the record, so I can't speak. I don't know for whatever reason a lawyer would do things. Maybe it's something in their personal life. Who knows what's going on? But it's not in the record, so it's tough to address. The least expedient thing here is if the court remands and just gives the trial court a do-over to say, okay, you need to discuss manifesting justice. On what? Well, this court says that you have to address these issues. I've got the cases, and they escape me a little bit, but it's all in the briefing. I don't remember the answer to the question Judge Owen asked you. Assuming the other filing, how does that help you? How does the second one? I think there's a case that they sort of relate back, that it meets presentment. I think there is. I mean, I think that there's something went on terribly wrong that it took three weeks to get from one agency to another. I don't know what that is, but it's something you have to look at if you're going to evaluate it. It's not clear they had a duty to forward it. Well, yeah, although I think they're – It would have been fortuitous had they done it in time. There's no law that any places they had a duty to forward it. But there are cases that evaluate their actions in these cases, and they might not have a duty, but the lack of care might balance in the equities when determining when there's manifest injustice. Just because they undertook to do it, then you tag them for not doing what they clearly did. You're saying they're doing it gratuitously and out of the – they're nice for doing it, but they shouldn't be in trouble for it. Well, I think we're not talking about that. I'm not putting – the U.S. government is not on trial here. I understand how this works. What I'm saying is – So what difference does it make how long it took them? What's that? What difference does it make how long it took them? Well, you have to look – case law says that you have to look at the equities, and part of the equities are lack of care on both parties. What happened? And we need to explore this more. That's why this needs to go down back to the trial court. Let's have – no discovery has been done yet. This case was four months old. She had two years to file. She had something on file that wasn't pursued. Well, I think part of it is – and I can't speak to what happened. Obviously, it got lost in the wash with attorneys. And then after this other gentleman released the case, she had to find another attorney. The other attorney, it appears on the record, was diligent in trying to get everything together. They had an employee that accidentally sent this to customs instead of the marshal service. That was a mistake. But – You're the third attorney. I'm just appellate counsel. So trial counsel is still in this. Richard Storm, Villareal, and Begum is the law firm. So I am just coming in as appellate counsel. I have not assisted during the trial or any piece of this. But – I'm sorry. I think we have your argument, which you spiritedly and passionately make. Thank you, sir. Let's see what the government has to respond with. Please, the court. My name is David Guerra. I'm an assistant U.S. attorney in the Southern District of Texas. I am based in McAllen, Texas, which is just north of the border. I want to begin by apologizing to the court today for the way my voice sounds. It's kind of low and gravelly. I like it. I actually like sounding this way. But in terms of presenting the case, you want to be confident. You want to be calm. As long as you stay in the mic, we'll be able to hear you. As long as you stay in the mic, we'll be okay. You're all right. Thank you. I actually went to a doctor on Tuesday saying, Doctor, I've got an important case. Do we really need to know that? Excuse me? Do we really need to know that? Well, actually, something happened as I went to the doctor. Why don't you get to the argument they made, if you don't mind. I will, Your Honor. I want to begin by pointing out that the government is not the bad actor in this case. The accusation is that we have omitted documentation and that we failed to raise issues and that we're the ones in the district court. It's a shifting of blame away from where the responsibility really lies in this case, and that is with the law firms that represented this plaintiff and did such a poor job of getting this claim filed on time with the appropriate agency, which is required under the Federal Court of Claims Act. The rules here are very straightforward, and it's hard to argue that they weren't known or that they somehow should be. What happened to the 2013 claim? The affidavit that was submitted for a summary judgment motion clearly states that we only have the U.S. Marshals Service only has one claim that they received from the plaintiff in this case, and that's the claim that was untimely filed in 2015. They have no record of an earlier claim. And so it's conceivable that the lawyers called up and said, what do we need to do, and they were told you need to make sure you've got an amount of some certain in there, and so maybe they never filed it. Did they have a copy of what they filed? They have a copy. The plaintiff has a copy. Is it file stamped or received? No, it's not file stamped. There's no green card that confirms that it was received by the agency. There's no copy of an e-mail that says we're transmitting here and the record that it was sent through the e-mail system. There's nothing on their part that suggests it was filed. The mailbox rule doesn't apply to these administrative claims. It's when the agency, the appropriate agency actually receives it, is that you begin that determinative of when they satisfy the two-year requirement that they file a claim with the appropriate agency within two years. And so it seems to me that if they said it, we would have expected them to have had the green card indicating it was received because that's so important in these cases. Does it reflect it was sent by certified mail return? There's no reflection of that. There's no indication, no number indicating it was sent by certified mail, no indication that it was ever sent other than the fact that they do have a claim. Was it mailed? I mean, they say it was mailed. They say it was sent. They don't indicate how it was sent. They don't say it was mailed on this day. They don't say it was ever expressed. Somebody said, yes, I did mail it. They do have, in the Rule 59e motion they filed, they included an affidavit from a paralegal or a secretary at the law firm that said I sent it to the agency in 2013. But, again, it didn't indicate how it was sent. It didn't include any other evidence that showed that it was received, no green card, no date stamp, nothing at all. So the reason why I think that's important is because there may be, there's a real question about whether or not that was actually sent and why we didn't talk about it. Okay, let's assume it was sent. We presume it was received. Is there anything that would keep her from amending it now? Those rules require that the Federal Tort Claims Act require that within two years you provide the appropriate agency with the information, the claim information that allows them to process the claim administratively. Included in that requirement is a An amount, sir. So there would be nothing wrong within two years with them supplying So you're saying if it's deficient on the second anniversary, then limitations is run, you can't amend it. That's correct, Your Honor. You've got to supply the agency within two years with a valid claim. In this case, until you supply the damages amount, you don't have a valid claim. And the cases in that area are very clear. There's no ambiguity about whether or not a deficient. In this case, they didn't even give us anything. They just put N-A-S in the field that required to state the damages. And the total, it was just left completely blank, even though right in that category itself it said Failure to include an amount may result in forfeiture of your rights and of your claim. In the instructions, it says you have to include an amount here or your claim is insufficient or subject to forfeiture. So it was clearly the case that they knew what they needed to do and they didn't do it. And they didn't do it within the two years. Now, the second claim arrived only four days before the deadline. The fact that it took three weeks to ultimately get there is irrelevant if they only had four days. Now, a lot of people probably think the federal government has a whole army of clerks and lawyers waiting for these administrative claims to come in and they jump on them. But the truth is when these come in, a clerk looks at it and sends it to somebody else and then that person sends it to somebody else to assign. The fact that it only took a week for them to figure out that it was the wrong agency and then to send it on is actually, I think, amazing. I mean, given the process involved and the bureaucracy that we're dealing with here. But the point is that they filed this very close in time to the deadline. It only arrived four days before the deadline. It arrived at the wrong agency. And the law, again, is very clear. It has to arrive at the appropriate agency. They don't dispute that this was the wrong agency because they acknowledge in their complaint that the right agency was the marshal service. It was sent to the wrong agency. And their best explanation for that is, well, we don't know why it happened. We don't know why the person that sent it out did that. Well, you've got a Rule 59e motion here. You're supposed to explain and give some reason for why the court needs to reconsider. And, by the way, I think it's interesting that in the record excerpts, there's no Rule 59e motion by the plaintiffs. I mean, that's what this whole case is about. The claim that the court erred in not granting that Rule 59e motion and they don't even include it in the record excerpts. I don't think that was an error on their part. I think appellate counsel made a conscious decision not to include it because he doesn't want you to realize that the only thing they mentioned or raised in that Rule 59e in terms of providing any sort of argument or support is the 2013 claim. They didn't argue equitable tolling. Here are the cases that say equitable tolling applies here. Here are the facts that justify equitable tolling. They didn't argue for any other grounds. All they said is, Judge, you shouldn't have taken up that motion for summary judgment, even though it was ripe, even though in the Rule 26 Joint Discovery Case Management Plan, with the knowledge it was ripe for ruling, you erred in taking it up. And then they said, if you hadn't taken it up, we would have been able to show at one point we had a 2013 claim. Well, there was no error in taking up that motion. Under the local rules, under Rule 56, the court can take up such a motion, and it was consistent with the action of the court in other cases. There was no error in that, in taking up the motion. If you look at the reasons that were given by the plaintiff's counsel as to why they didn't file a response in this case to the summary judgment motion, none of that adds up to anything that makes any sense. Well, I didn't think you were going to do a judgment. You know, it looks like they didn't even read the rules. The rules say you've got to file a response. They didn't file a response. And the fact that he was mistaken about that doesn't change the fact that that's what the rule is. Then he says that, well, I filed a Rule 26 Joint Discovery Case Management Plan. Well, that's irrelevant. There's no way you could consider that to be a response to a motion for summary judgment. In fact, there's no arguments in that Rule 26 Joint Discovery Case Management Plan that even address the merits of the motion that was filed by the government. So when the judge took out, the district judge took out the motion, what the judge had was a meritorious basis for ruling that the plaintiff had not met the two-year statute of limitations. Now, again, Rule 59A motions say you've got two grounds. You can argue in your Rule 59A motion that there's something fundamentally wrong, I mean terribly wrong, egregiously wrong with the ruling, such that nature cries out and says this is wrong. You need to revisit this. Or you can say I've got some new evidence here, judge, that I didn't have before. There's a timely ruling on that. Now I've got some new evidence that has a bearing and might even should result in you not granting the motion. Well, as to the first, whether or not this is egregiously wrong, there was nothing that I think 100 percent of the judges looking on this summary judgment motion, again, given the absence of any response by the plaintiff to the motion, would have ruled in favor of the government on that motion. It doesn't cry out in any way as being erroneously issued. And the fact that they didn't think they needed to file a response doesn't change the fact. We have rules. This court has rules. The district court has rules. We all have rules. And we're a nation of laws. And over time, we've determined that it's best to accept it. And rare and unusual circumstances to require that the rules be followed. If I didn't file a brief in this case, I think the court would, or timely, I think the court would not take into account that I might have thought there was some reason why I had an additional time. I mean, the court's going to apply its rules. And that's all the court did at the district court level. It applied the rules that required a response. No response was filed. The court looked at it. It's not like the court granted it just because they didn't file a response. The court looked at the merits of what the government filed, saw it on timely filing. Now, the other basis, so I don't think there's anything egregiously wrong with the original ruling. Now, in terms of whether or not there was new evidence, well, this 2013 filing, assuming it was there, was something that was certainly known to the plaintiff at the time of the summary judgment motion. And they should have brought that to the court's attention. But as the court and as the judges have noted, even if they somehow filed this, it doesn't change the outcome here. And as the district court noted, it was a deficient administrative claim. You've got to have an administrative claim that satisfies the statute within two years. And if you don't indicate how much the claim was for, it's a matter of law deficient. And so that's what the court said in this case. And I think that all these other issues that the plaintiff has raised now that wasn't mentioned or at least not argued in the Rule 59e motion about equitable tolling, maybe equitable stoppel, I mean, those were not before the district court. They were not raised in the Rule 59e motion. And what was raised was not sufficient to overcome the correct ruling, the initial correct ruling of the court. All right. I think we fairly have your argument, Mr. Guerra, unless there's a different layer to it. I think you pretty straightforwardly put the government's position. Is there more you want to say? Just again on the last one point about the three days, or they say it was three weeks, the delay. The only critical question is whether it was done in four days because it got to us. They mailed it, and it took a week for the mail to get from wherever. I guess they mailed it from San Antonio, and it got down to the valley. For whatever reason, we didn't – the wrong agency got it only four days before. So it's not unreasonable for – there was no way that the government could be held responsible for not getting that to the right agency within those four days. I mean, that's – to say that that was – that they should – they still met the deadline when they mailed it to the wrong agency four days before the – or arrived at the wrong agency four days before the deadline, I think would impose an undue burden on the government to act in a situation where you don't have the resources to do such things. So I think other than what I've said, Your Honor, I appreciate that. Thank you, Mr. Guerra. All right. Mr. Tomlinson, any final words? Just briefly, if this case were just about attorney error and not following the rule in summary judgment, it would be a very easy case. We wouldn't need to be here today discussing it with you. I think it's more complicated, and the reason being – and trial counsel – I'm sorry, the United States also sort of hit on this – is there's still open issue. We know there's open issues here, and we need discovery on them. Now, I was asked a couple of times in different ways why this should come back, and my main piece is that there's Fifth Circuit precedent out there that says you have to do certain things. Now, whether – But they've got to make a difference. What's your best case that the 2013 filing could be amended or supplemented after the two-year deadline to make it complete? Right. Well, in terms of relating back, first I've got precedent out there. It is lower court precedent, but other courts have said that that's okay, that it can relate back when it's untimely. Once again, it's district court precedent. I know that that doesn't carry the most weight, but at least one court has seen it that way. There's a couple of things here. The first said we'll supplement. Now, does that – if you do file a later one, whether it's timely or not – and this one, this isn't like it was a year after. What do you say about counsel's – what's your response to counsel's arguments about the absence of the Rule 59E in the record, sir, but more specifically the two prongs through which you might otherwise get relief under Rule 59? He urges those aren't addressed, so what's your response? I think if I listen to counsel correctly, he talked about there weren't certain issues raised in the 59E motion. Is that what you're getting at? The equitable tolling, constructive filing, and the legal effect of the two – they were. I don't think that they were briefed as thoroughly as I briefed them to this court, but rarely are they in district court. But they were raised, so they're raised. The trial court knows that there's these issues. Well, his point is that if you were going to get relief in 59E, you've got two bases upon which arguably to get there, and he's saying those weren't fleshed out in accordance with the rules in the district court, and they aren't fleshed out here as a basis for relief. Instead, you're giving us the equitable argument, but he's saying your responsibility was to show us how Rule 59E gets you home. And I'm just asking what's your response to that position? Well, in the 59E motion, I believe the standards, the manifest injustice standards, also there's case law out there that says if the trial court or the district court misapprehends the facts of the legal issues, that that's a basis to have this overturned. And while it was inadvertent, it wasn't the district court. What are you saying the district court misapprehended? Well, the facts there in terms of that there was a second SF-95 file. Because all the district court had was the United States summary judgment motion. There was an affidavit in there. It was the general counsel of the marshal's office. It talked about not receiving the SF-95 timely, the second one, the 2015 one, but there was no discussion about the 2013. So the court would— Let's go back to the question Judge Owen asked you. Assuming, arguendo, that the second one was received, et cetera, et cetera, it's still outside of the two years, and she's asking, you know, what's your best case that would make an otherwise untimely filing? Counsel's office says it's two years, with or without an amendment. And I guess your response to that is what you said to us, this one district court case, which may arguably fit. But otherwise, there is no such case. Is that accurate? Well, no. I think constructive—I think if you take—no, no. It is novel in some ways, right? There aren't cases. But what we do have is we have a standard of how we review constructive filing. Now, it hasn't been this court, but I believe it's the Seventh Circuit that says, you know what? Once that's been raised, the lower court, the district court has to explore that and set out the record for us to be able to review it. Here we didn't get that. And I think that's equally as strong as the other. And when I talk about equities, it gets lost in this, is that when you're looking at the constructive filing issue, you look at the equities. And that's one of the reasons I bring it up, just like you do under the manifest injustice. So essentially, the trial court misapprehended the facts here. There were more facts, and then the trial court was— Was it constructive filing in 2015 or constructive filing in 2013? Well, the second one would sort of make up for the fact that the 2013 might have been deficient. Although, I think that it didn't have the some certain, but it says we'll supplement, right? So when the second one comes in with the records and the some certain, well, that is supplementing the earlier version. I see my time has run out. All right. Thank you, Mr. Thomason. Mr. Guerra, the case will be submitted. All right. We'll call the third case.